NICHOLAS URSI, PROSECUTOR, v. COUNTY EMPLOYES PENSION COMMISSION OF THE COUNTY OF ESSEX, DEFENDANT.

Submitted October 5, 1937—Decided March 15, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Silberman & Stern* (*James Raymond Berry*, of counsel).

For the defendant, *Arthur T. Vanderbilt* and *G. Dixon Speakman*.

The opinion of the court was delivered by

HEHER, J. The primary question for decision is whether section 3 of chapter 122 of the laws of 1929 (*Pamph. L., p.* 206; *Rev. Stat.* 1937, 43:10-1 *et seq*), providing for the pensioning of employes of counties of the first class, so qualifies section 5 of the act as to make twenty years' service a prerequisite where, as here, the application is based on disabling illness "incurred in the service." We resolve it in the negative.

The legislative scheme is to be gleaned from all the provisions of the enactment, taken and compared together. While

in this particular, at least, the language employed may be said to be lacking in clarity, it cannot reasonably be gainsaid that the act classifies disability as respects a causal relation to the service. Where it has no such relation, the employe is, by section 3, granted the right of retirement, even though he has not reached the age of sixty years (the time when, under section 1, his right to retirement accrues, irrespective of physical condition), provided he has been in the service for twenty years. But where the disability results from "injury, accident or sickness, incurred at any time in the service," section 5 confers the right of retirement regardless of the length of the service, if permanent incapacity ensues. This section treats of disability flowing from injury, accident or sickness arising out of the employment; and any doubt as to the legislative meaning respecting the period of service is dispelled by the use of the phrase "at any time" in laying down the requirements of pensionable disability under this head. The reasonable intendment is that the pension right accrues upon the happening of the prescribed event, *i. e.,* permanent incapacity of the stated class, no matter when it occurs.

The construction urged by defendant would render this provision superfluous, for by section 3 the employe is accorded the absolute right of retirement upon twenty years' service, if "physically unfit for further service," regardless of cause. This plainly embraces physical incapacity consequent upon "injury, accident or sickness, incurred in the service;" it is all inclusive. It is reasonably to be presumed that the legislature, by this clause of section 5, intended an additional provision, and was not indulging in needless, repetitious phraseology. The clause "as hereinafter provided," contained in section 3, obviously refers to the procedure prescribed in section 5 for the determination of the question of the employe's asserted physical unfitness as a ground for retirement before reaching the age of sixty years. It qualifies the immediately preceding word "found," rather than the subsequent phrase "physically unfit." It relates to the method of examination and not to the physical condition of the applicant.

Defendant points out that disability suffered by one employed for but a brief period would fall into this particular category; and it is urged that it would be unjust to give the benefits of the statute to one who had contributed little or nothing to the fund created thereby. It suffices to say as to this that the legislature indubitably has the power to grant such retirement privileges to one whose disability has been incurred in the service. Such a provision may reasonably be regarded as designed to enhance the quality of public service; and it may also be justified on moral grounds. But we are not concerned with the wisdom of the policy. The judicial function is to ascertain the legislative intention, and effectuate it if not in contravention of a constitutional mandate or a natural right beyond legislative impairment.

Moreover, it is inconceivable that the legislature intended to bestow a pension upon one who had served for twenty years, and had not reached the minimum retirement age, only in the event that his incapacity resulted from "injury, accident or sickness, incurred in the service." In that event, the employe whose permanent incapacity had not been sustained in the line of duty would not have a pensionable status, even though he had contributed to the fund for twenty years or more. This is an unreasonable construction that will not be indulged in the absence of an unmistakable expression to that effect. In this connection, it is significant that in sections 3 and 5 there is a marked difference of phraseology as regards the nature of the pensionable incapacity.

And the Revision of 1937 unmistakably points to this legislative intention. Section 1 of the original act, incorporated therein as section 10-2 of title 43, is captioned "Retirement for *service and age;*" section 3, given a like subdivision number in the revision, is headed "Retirement for *service and disability;*" and section 5, carried into the revision as subdivision 4, is entitled "Retirement for *disability, injury or disease;* examination; determination by commission." These several sections were re-enacted in substance, although not altogether in the same phraseology. Thus we have what seems to be an ample demonstration of the legislature's sense

of its own language contained in the earlier enactment. In any event, it evinces a legislative purpose to make these three separate and distinct classifications. The legends thus given mark a pertinent basic distinguishing quality—that is, a fixed service requirement is an essential characteristic of the first two, but not of the third. The first sentence of section 5 embodies a definition of pensionable disability without regard to period of service, and provides for action by the commission; the remaining provisions lay down the procedure where the employe invokes the benefits of that section or of section 3, *supra*.

Thus it is that prosecutor is entitled to a pension if he is incapacitated within the classification of section 5. But the return does not exhibit a decision on this question by the pension commission. That body's minutes show the denial was grounded on a "letter received from" the chief engineer of the Essex County Park Commission, in substance stating that prosecutor had been in the commission's continuous employment for but four years and four months, and that he could not "conceive that any stretch of the imagination would permit" the writer "to recommend him for a pension after this short service." Defendant's brief also asserts that the unfavorable action was rested upon the theory that twenty years' service was a minimum requirement.

In these circumstances, we consider that the record ought to be remanded for a determination by the pension commission of the fact of pensionable disability in conformance with the direction of the statute, as so construed; and that will be the order.

We find no merit in defendant's claim of laches, in that prosecutor delayed "for an unreasonable length of time in seeking a review of the action" so taken by the pension commission. The application for this *certiorari* was preceded by litigation growing out of the uncertainty of prosecutor's status by reason of his indefinite suspension by the park commission for unsatisfactory service, claimed by him to be due to his physical incapacity; and, in such circumstances, it cannot reasonably be said that the delay was inexcusable.

See, in this connection, *Moore* v. *Fire and Police Pension, &c., Paterson*, 10 *N. J. Mis. R.* 854; *Simmons* v. *Policemen's Pension Commission of Deal*, 8 *Id.* 408.

The action under review is accordingly set aside, and the cause is remanded for further proceedings in conformity with this opinion.